# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 13, 2013

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**SHERRY CARROLL,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0369**  (BOR Appeal No. 2046362)
(Claim No. 2010106749)

**CARDINAL HEALTH 110, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sherry Carroll, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Cardinal Health 110, Inc., by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 22, 2012, in which the Board affirmed an August 19, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed four claims administrator's decisions. The November 29, 2010, decision closed the claim on a temporary total disability benefits basis. The January 5, 2011, decision denied a request for authorization for a referral to Dr. El-Kadi and a referral to Dr. Sakla. The March 25, 2011, decision denied authorization for rehabilitation services. Finally, the March 25, 2011, decision denied a request for the medication Lyrica, a referral to a rheumatologist for fibromyalgia, a full cervical MRI, and a referral to Dr. El-Kadi. The Order of the Office of Judges affirmed each of the four claims administrator's decisions. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Carroll was a warehouse worker for Cardinal Health 110, Inc. On August 25, 2009, Ms. Carroll injured her right shoulder, neck, and right side while lifting a tote onto a conveyor

1

belt. Her claim was initially held compensable for a right shoulder sprain but the claims administrator subsequently added the diagnoses of right trapezius strain, right cervical strain, and thoracic spine strain as compensable conditions of the claim. Ms. Carroll received various treatments and services on this claim including cervical epidural steroid injections. Ms. Carroll was primarily treated by Dr. Kovalick who consistently found that Ms. Carroll was temporarily and totally disabled. But on October 21, 2010, Dr. Grady performed an independent medical evaluation on Ms. Carroll. Dr. Grady found that Ms. Carroll had cervical steroid injections on a couple of occasions without any significant improvement. Dr. Grady found that Ms. Carroll had reached the maximum degree of medical improvement with respect to the compensable conditions of this claim. Dr. Grady stated that additional physical therapy, injections, or invasive treatment would not significantly alleviate her symptoms. Dr. Grady did opine that non-steroidal anti-inflammatory medication would be reasonable to treat her compensable injuries.

Despite Dr. Grady's findings, Dr. Kovalick found that Ms. Carroll continued to experience pain and suspected that she may have fibromyalgia. Dr. Kovalick then made a series of requests for authorization for additional treatment. On November 29, 2010, the claims administrator closed the claim for temporary total disability benefits based on Dr. Grady's report. On January 5, 2011, the claims administrator denied a request for authorization for a referral to Dr. El-Kadi, a neurosurgeon, and a referral to Dr. Sakla, for a series of trigger point injections. On March 25, 2011, the claims administrator denied a request for authorization for rehabilitation services. Finally, on March 25, 2011, the claims administrator denied a request for the medication Lyrica, a referral to a rheumatologist for fibromyalgia, a full service MRI, and a referral to Dr. El-Kadi. Following these decisions, Dr. Hennessey performed an independent medical evaluation on Ms. Carroll and found no evidence of residual impairment from her injury. Dr. Hennessey also found that Ms. Carroll had reached the maximum degree of medical improvement relating to her August 25, 2009, injury. On August 19, 2011, the Office of Judges affirmed the November 29, 2010, January 5, 2011, and both March 25, 2011, claims administrator decisions. The Board of Review then affirmed the Order of the Office of Judges on February 22, 2012, leading Ms. Carroll to appeal.

The Office of Judges concluded that Ms. Carroll was not entitled to further consideration for temporary total disability benefits. The Office of Judges also concluded that Ms. Carroll was not entitled to an MRI, trigger point injections, the medication Lyrica, or any further treatment, evaluations, or rehabilitation services in relation to this claim. The Office of Judges found that both Dr. Grady and Dr. Hennessey had found that Ms. Carroll had reached the maximum degree of medical improvement with respect to the compensable conditions of the claim. The Office of Judges found that even Ms. Carroll's treating physician, Dr. Kovalick, did not relate the requested treatments to a compensable condition of the claim but instead attributed Ms. Carroll's continuing pain to fibromyalgia. The Office of Judges found that there was no evidence in the record which causally related this condition to Ms. Carroll's compensable strain injuries. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Carroll was deemed to have reached the maximum degree of medical improvement with respect to her compensable injuries and her claim was properly closed for temporary total

disability benefits. Ms. Carroll has not presented sufficient evidence to demonstrate that she continues to be temporarily and totally disabled. Ms. Carroll has also not demonstrated that the requested treatments and services are reasonably related and medically necessary to treat a compensable condition of the claim. Dr. Grady believed that Ms. Carroll would not derive significant benefit from any additional injections, physical therapy, or invasive procedures. Dr. Grady's opinion is reflected in the record as a whole. The evidence in the record indicates that Ms. Carroll's continuing symptoms relate to fibromyalgia, which is an unrelated and non-compensable condition.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 13, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II